

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2002

# Walters v. Comm Social Security

Precedential or Non-Precedential:

Docket 1-2750

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Walters v. Comm Social Security" (2002). *2002 Decisions.* Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2750
_____

MICHAEL E. WALTERS,

Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 00-cv-02603)
District Judge:  The Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2002

BEFORE: NYGAARD and STAPLETON,  Circuit Judges,
and CAPUTO, District Judge.

(Filed    January 30, 2002)

_____

MEMORANDUM OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant, Michael E. Walters, appeals from an order of the District
Court which granted summary judgment in favor of the Commissioner of Social Security,
alleging as error the issues listed in paragraph I, taken verbatim from appellant's brief.
Because we conclude that the District Court did not err, we will affirm.

### I.

The allegations of error asserted by appellant are as follows:

1. Whether the Commissioner's final decision denying appellant's claim for Disability Insurance Benefits is supported by substantial evidence.

2. Whether the Commissioner denied the appellant a full and fair hearing on his claim.

3. Whether the District Court applied an incorrect standard of review, conducting a de novo review of the evidence, substituting its judgment for that of the Administrative Law Judge.

### II.

The facts and procedural history of this case are well known to the parties and the court. We see no reason to restate them here. Moreover, under the usual circumstances when we affirm by Memorandum Opinion and Judgment, we "briefly set[–] forth the reasons supporting the court's decision...." United States Court of Appeals for the Third Circuit, Internal Operating Procedure (I.O.P.) 5.4. The reasons for writing an opinion are to instruct the District Court, to educate and inform the attorneys and parties, and to explain our decision. We use a Memorandum Opinion in cases, such as this one, in which a published opinion is rendered unnecessary because the opinion has no institutional or precedential value. See I.O.P. 5.2. In this case, with respect to Issues One and Two, we have concluded that neither a memorandum explanation of reasons, nor a published opinion is indicated because the Report and Recommendation prepared by the magistrate judge, and which was adopted by the District Court, adequately explains and fully supports the magistrate judge's recommendation and the District Court's order. Hence, we believe it unnecessary to offer explanations and reasons, in addition to those given by the magistrate judge and District Court, why we will affirm. It is a sufficient explanation for all involved in this litigation to say that, essentially for the reasons given by the magistrate judge in its report and recommendation and adopted by the District Court in its order dated the 13th day of June, 2001, we will affirm as to Issues One and Two.

With respect to the third issue, that is whether the District Court applied the correct standard of review, we likewise see no error. The record indicates that the District Court examined the entire record it had on review and determined that the ALJ had properly evaluated all the evidence, including appellant's position's on the meaning of "light work" and all the evidence pertaining to his limitation. It is apparent that the District Court was merely reiterating the ALJ's conclusion was supported by substantial evidence. This was not de novo fact finding or re-weighing of evidence as appellant argues. We will affirm as to this issue as well.

                              III.

In sum, for the foregoing reasons, we will affirm the order of the District Court dated the 13th day of June, 2001.

_____


TO THE CLERK:

        Please file the foregoing opinion.



                        /s/ Richard L. Nygaard
                        Circuit Judge